**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

R. MIKE CONLEY and
CAROL B. CONLEY,

    Plaintiffs,

v.                                            Case No. 3:08cv495/LAC

FLORIDA FAMILY
INSURANCE COMPANY,

    Defendant.
_____/

**O R D E R**

This cause is before the Court on a Motion for Summary Judgment filed by Defendants (docs. 21-23). Plaintiffs have responded in opposition to the motion (docs. 26, 27, 30). The Court has taken the motion and response under advisement and is now prepared to rule. Upon due consideration of the motion, the Court finds Summary Judgment should be granted.

## I. BACKGROUND

Defendant Florida Family Insurance Company ("Florida Family") is a Write-Your-Own Program insurance carrier participating in the United States Government's National Flood Insurance Program (NFIP), pursuant to the National Flood Insurance Act of 1968, as amended (42 U.S.C. §4001, et seq.). On April 17, 2004, Florida Family issued Standard Flood Insurance Policy (SFIP) insurance contract to the Plaintiffs for their condominium unit in Building E of the Sundown Condominiums in Pensacola, Florida, covering them for any property loss caused by flood. As is relevant here, the policy covered flood damage to the Plaintiffs' dwelling up to a limit of $52,700 (subject to a $500 deductible) and to Plaintiffs' personal property and contents up to a limit of $18,300 (subject also to a $500 deductible). *See* Doc. 22-2.

The condominium building was separately insured under a Residential Condominium Building Association Policy (RCBAP) issued by Nationwide Insurance Company to the Sundown Condominium Owners Association (Association), which provided coverage limits up to $846,000. *See* Doc. 22-3. This policy insured the condominium building (Building E), and, importantly, "all units within the building and the improvements within the units." Doc. 23 at 3.

In September of 2004, Hurricane Ivan struck the Pensacola area, causing a storm surge which completely flooded Building E of the condominium and Plaintiffs' dwelling unit, rendering both a total loss and resulting in their eventual destruction. In settlement of its

policy claim with Nationwide under the RCBAP, the Condominium Association accepted the sum $798,854.40, which is approximately $50,000.00 less than the coverage limits.[1] Based upon its conclusion that the RCBAP policy limits were not exhausted, Florida Family denied coverage to Plaintiffs.

## II. SUMMARY JUDGMENT STANDARDS

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). "[T]he substantive law will identify which facts are material" and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). An issue of fact is material if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. *See id.*

At the summary judgment stage, a court's function is not to weigh the evidence to determine the truth of the matter, but to determine whether a genuine issue of fact exists for trial. *See id.* at 249, 106 S. Ct. at 2510–11. A genuine issue exists only if sufficient evidence

---

[1] Plaintiffs received, before expenses, the sum of $121,079.20 from the proceeds of the RCBAP claim for their flood loss.

is presented favoring the nonmoving party for a jury to return a verdict for that party. *See id.* "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (citing *Mercantile Bank & Trust Co. v. Fidelity and Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)).

When assessing the sufficiency of the evidence in favor of the nonmoving party, the court must view all the evidence, and all factual inferences reasonably drawn from the evidence, "in the light most favorable to the non-moving party." *Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 918 (11th Cir. 1993). The court is not obliged, however, to deny summary judgment for the moving party when the evidence favoring the nonmoving party is "merely colorable or is not significantly probative." *Anderson*, 477 U.S. at 249–50, 106 S. Ct. at 2511. "A mere 'scintilla' of evidence supporting the . . . [nonmoving] party's position will not suffice" to demonstrate a material issue of genuine fact that precludes summary judgment. *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (quoting *Anderson*, 477 U.S. at 252, 106 S. Ct. at 2512).

## III. Discussion

Florida Family's denial of coverage is based upon its contention that Plaintiffs' SFIP policy acts as an excess insurance policy in the situation at hand. In relevant part, the SFIP policy provides:

C. Other Insurance

> 1. If a loss covered by this policy is also covered by other insurance that includes flood coverage not issued under the Act, we will not pay more than the amount of insurance that you are entitled to for lost, damaged, or destroyed property insured under this policy subject to the following:
>
>> a. We will pay only the proportion of the loss that the amount of insurance that applies under this policy bears to the total amount of insurance covering the loss, unless C.1.b. or c. immediately below applies.
>>
>> b. If the other policy has a provision stating that it is excess insurance, this policy will be primary.
>>
>> c. This policy will be primary (but subject to its own deductible) up to the deductible in the other flood policy (except another policy as described in C.1.b. above). When the other deductible amount is reached, this policy will participate in the same proportion that the amount of insurance under this policy bears to the total amount of both policies, for the remainder of the loss.
>
> 2. If there is other insurance in the name of *your condominium association* covering the same property covered by this policy, then this policy will be *in excess over* the other insurance.

*See* doc. 22-2 at 11 (Article VII) (Emphasis supplied). By contrast, the RCBAP policy owned by the Condominium Association contains the exact same provision as above, except

that in its Section C.2. it provides: "If there is a flood insurance policy in the name of a *unit owner* that covers the same loss as this policy, then this policy will be *primary*." *See* doc. 22-3 at 11 (Article VIII) (Emphasis supplied).

It is abundantly clear from Subsection 2 of both policies that the RCBAP policy was intended to provide primary coverage, and the SFIP was intended to provide excess coverage over Plaintiffs' claim. An excess insurance policy does not to come into effect unless and until the amount of damages exhausts the limits of the primary policy. *See* 16 Couch on Insurance §§ 219:18, 219:33, 220:32 (3d ed. 2010); *Cunningham v. Austin Ford, Inc.*, 89 So.2d 661, 665-666 (Fla. 3d DCA 1966). Because the payment under RCBAP policy in question did not reach the limits of that policy, there is no occasion for a claim to be made by Plaintiffs under the SFIP policy.

Plaintiffs contend that since the SFIP policy also contains provisions that provide primary coverage, it should be not considered a "true excess" policy but a primary policy containing an "other-insurance clause" that does not alter the primary nature of the overall policy. However, excess insurance clauses housed within an otherwise primary policy are considered valid. *See* 16 Couch on Insurance § 219:33; *McGow v. McCurry*, 412 F.3d 1207, 1218-1219 (11th Cir. 2005); *Cunningham*, 89 So.2d at 663, 666. Plaintiffs cite to cases in which excess policies were not treated in the standard manner, for instance, where excess policies were held to provide "first dollar" coverage on a pro rata basis, but these were cases in which the varying policies had competing "other insurance clauses" or otherwise presented

conflicting coverage situations. There is no such dissonance in the instant case as the two policies are in fact perfectly complimentary.

### IV. SUMMARY

The Court's ruling in this matter may be summarized as follows, and **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment (doc. 21) is **GRANTED.**

2. Consistent with this Order, the Clerk of Court is directed to enter Summary Judgment in favor of Defendant FLORIDA FAMILY INSURANCE COMPANY. Plaintiffs R. MIKE CONLEY and CAROL B. CONLEY shall take nothing further by this action and shall go without day.

**ORDERED** on this 26th day of August, 2010.

                                        s/ *L.A. Collier*
                                        Lacey A. Collier
                                        Senior United States District Judge